

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-21-00018-CR

---

CHRISTOPHER LEOTIS WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 28526

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

As a special term of his community supervision imposed in 2019, Christopher Leotis Williams was "required to participate in a drug or alcohol abuse continuum of care treatment plan . . . [and] abid[e] by all rules and regulations of said treatment plan until discharge by the staff of the continuum of care program."[1] The State later moved to revoke Williams's community supervision on the ground that he violated this term and condition by being discharged for failing to follow the rules of the continuum of care program. Williams pled true to the State's allegation and, after an evidentiary hearing, had his community supervision revoked and was sentenced to eight years' confinement. Williams appeals.

Williams's attorney has filed a brief reciting that he has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, he has met the requirements of *Anders v. California*. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

---

[1]Williams had pled guilty to possession of methamphetamine in an amount of more than one, but less than four grams, a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c). Pursuant to a plea agreement, Williams had been sentenced to ten years' imprisonment and ordered to pay a $500.00 fine, but his sentence had been suspended in favor of placing him on community supervision for five years.

On May 18, 2021, counsel mailed to Williams copies of the brief, the appellate record, and the motion to withdraw. Williams was informed of his rights to review the record and file a pro se response. By letter dated May 18, this Court informed Williams that any pro se response was due on or before June 17. On June 30, this Court further informed Williams that the case would be set for submission on the briefs on July 21. We received neither a pro se response from Williams nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[2]

Josh R. Morriss, III
Chief Justice

Date Submitted: July 21, 2021
Date Decided: July 30, 2021

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.